IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**SHANDA LOVETTE GILYARD,**

Plaintiff,

v.  Civil Action No. 5:21-CV-152
Judge Bailey

**TAMMY SLINKA, L. SMITH, P. ADAMS,
ACTING WARDEN R. McCAFFREY,** and
**FEDERAL BUREAU OF PRISON,**

Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment be granted and plaintiff's case be dismissed with prejudice.

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. **Thomas v. Arn**, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. **United**

1

*States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). Plaintiff timely filed objections on January 5, 2023.  See [Doc. 53].

Plaintiff asserts two (2) objections.  First, plaintiff asserts that "Plaintiff attempted to exhaust administrative remedies at multiple times." *See* [Doc. 53 at 3].  Plaintiff asserts "legal mail is opened and copied, several pages are always missing if not the entire legal letter is not delivered to plaintiff." *See* [Id.].  Second, plaintiff asserts the claims of discrimination fall under **Bivens**.  *See* [Id. at 5–6].

First, plaintiff still has not provided support to her allegation that the BP-9 form was "purposely detached" from the BP-10 remedy, preventing exhaustion.  This Court acknowledges the two (2) letters plaintiff provided [Docs. 53-1 & 53-2]; however, this is still insufficient to support the conclusory allegation made by plaintiff.

Second, this Court agrees with Magistrate Judge Mazzone that no **Bivens** remedy exists for plaintiff.  Plaintiff's claims are new contexts and no "special factors" counsel hesitation.  There are alternative remedies available to plaintiff, which cautions against the expansion of **Bivens** into this new context.

A *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation [**Doc. 51**] is **ADOPTED**.  Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 37**] is **GRANTED** and plaintiff's case is hereby **DISMISSED WITH PREJUDICE**.  Plaintiff's objections [**Doc. 53**] are **OVERRULED**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

DATED: January 12, 2023.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**